UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REBECCA S.,

                        Plaintiff,         Case # 20-CV-1480-FPG

v.                                                DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

## INTRODUCTION

Plaintiff Rebecca S. brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On May 14, 2021, the Court adopted the parties' stipulation and order for remand. ECF No. 13. Thereafter, the Court entered a Stipulation and Order awarding Plaintiff's attorney, Kenneth R. Hiller, $1,010.21 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 18.

In April 2022, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $12,366.75—25 percent of his past due benefits—to pay her attorney. ECF No. 19-1 at 2. On April 15, 2022, Plaintiff moved for $12,366.75 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 19.

For the reasons that follow, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Counsel is awarded $5,600.00 in fees, and counsel shall remit the $1,010.21 in EAJA fees to Plaintiff.

## DISCUSSION

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

1

>of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).  The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable.  Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.  *Id.* (citation omitted).

The sole question before the Court is whether the amount requested would constitute a "windfall."[1]  In analyzing what constitutes a "windfall," courts often examine the lodestar figure to help them make this determination.  *See Abbey*, 2019 WL 336572, at *2; *see generally Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022).  Here, counsel spent 5.6 hours in connection with the appeal to this Court. ECF No. 19-5.  Dividing the $12,366.75 fee requested by 5.6 hours yields an hourly rate of $2,208.35.  While this hourly rate is "undoubtedly high," *Kirk W. v. Kijakazi*, No.

---

[1] The SSA awarded Plaintiff $49,467.00 in past due benefits and therefore counsel's request for $12,366.75 in fees represents 25% of the award and does not exceed the statutory cap.  In addition, there is no evidence of fraud or overreaching, nor is there evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

18-CV-1049L, 2022 WL 883774, at *1-2 (W.D.N.Y. March 25, 2022) (describing an hourly rate of $1,574.78 as "undoubtedly high"), the Second Circuit has instructed that a court must consider "more than the de facto hourly rate" in deciding whether there is a windfall. *Fields*, 24 F.4th at 854. In addition, a court should examine the "ability and expertise of [counsel]," the "nature and length of the professional relationship with the claimant," the "satisfaction of the disabled claimant," and "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55.

"The 'windfall concern' is aimed at situations where a lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *Kirk W.*, 2022 WL 883774, at *1. Thus, "[f]or a district court to find that the fee provided by a contingency fee agreement in [disability] cases is unreasonable, and to do so solely on the grounds that the amount requested is a windfall, it must first be truly clear that the fee is unearned by counsel." *Id.*

Here, it is "truly clear" that the *total* fee requested by counsel is unearned. *See Fields*, 24 F.4th at 856. Plaintiff's counsel spent a total of only 5.6 hours on this matter including, most notably, 3.3 hours reviewing the record at the administrative level. *See* ECF No. 19-5 at 1. Furthermore, counsel spent 0.5 hours negotiating the terms of the stipulation to remand, but this negotiation occurred only *after the Commissioner offered* to stipulate. *See id.* While fewer hours spent may, at times, be indicative of efficiency due to familiarity with the case from the administrative level, Plaintiff here was represented by another lawyer up until the district court action. *See* ECF No. 19-1 at 6; ECF No. 22 at 5. Thus, this case is distinct from those where courts may "infer[] that [counsel's] significant investment of time and effort in [Plaintiff's] case at the agency level further enabled [the Firm] to operate with efficiency in the federal courts"—

thereby reducing the hours spent on the district court matter. *See Newlin v. Kijakazi*, No. 19 Civ. 6248 (SLC), 2022 WL 950981, at *5 (S.D.N.Y. March 30, 2022) (citation & internal quotation marks omitted).

Moreover, counsel here did not draft and file a brief in support of a motion for judgment on the pleadings in order to persuade the government to remand the action. *C.f. Ricciardi v. Comm'r of Soc. Sec.*, No. 19-CV-3304 (MKB), 2022 WL 1597401, at *4 (W.D.N.Y. May 19, 2022) (granting motion for attorneys' fees for a *de facto* hourly rate of $1,528.56 where, though counsel did not represent plaintiff at the administrative level, he reviewed the administrative record, drafted a 19-page memorandum of law, and negotiated a stipulated remand); *see also Bass v. Kijakazi*, No. 16 Civ. 6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022). Counsel's declaration in support of his attorney's fee application indicates that the Commissioner offered to stipulate to remand prior to any research or drafting having been undertaken. *See* ECF No. 19-6 at 1. Furthermore, the negotiations regarding the terms of the stipulations required only a half-hour of counsel's time, suggesting the stipulation was hardly the result of a hard-bargain. *Id.* Finally, the low total number of hours is, in and of itself, noteworthy. "District courts within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal in federal court." *Bass*, 2022 WL 1567700, at *4 (citation & internal quotation marks omitted). Counsel's 5.6 hours of work in this case does not even approach the low-end of this range. These facts all militate in favor of a finding that the requested fee would be a windfall.

The Court fully appreciates the countervailing factors which weigh in counsel's favor—he is an expert in social security cases, Plaintiff is likely satisfied with the results achieved, and there is at least some uncertainty inherent in all contingency-fee cases. Nonetheless, the effort to achieve the results here was so minimal that, in light of the requested fee, the situation at hand represents

the exact scenario which the Second Circuit identified as a "windfall." *Fields*, 24 F.4th at 856 ("A windfall is more likely to be present in a case, unlike this one, where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern really is about.").

"[T]he district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Brown v. Colvin*, No. 1:15-cv-04823 (SDA), 2018 WL 6061199, at *3 (S.D.N.Y. 2018). Here, the Court finds that counsel's request for $12,366.75 for 5.6 hours in this case would be an unreasonable fee. Instead, the Court finds that an award of $5,600.00 would adequately compensate counsel for the time spent on this case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result obtained for Plaintiff. In addition, this fee amount, which represents a *de facto* hourly rate of $1,000.00, "satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals." *Arroyo v. Comm'r of Soc Sec*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *3 (E.D.N.Y. May 4, 2018) (noting that a fee award amounting to an hourly rate of $333.33 satisfied this policy goal). Finally, the Court notes that a *de facto* hourly rate of $1,000.00 represents almost triple counsel's hourly rate of $350.00. ECF No. 19-1 at 8.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 19) is GRANTED IN PART and DENIED IN PART and Plaintiff's counsel is awarded $5,600.00 in fees  Upon receipt of this award from the government, counsel shall promptly refund Plaintiff $1,010.21, which represents the EAJA fees already received by counsel.

IT IS SO ORDERED.

Dated: July 11, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York